**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

Continental Carbon Company,
a Delaware corporation,

      Plaintiff,

v.

Daltec Canadian Buffalo Manufacturing
Ltd, a Canadian corporation,
d/b/a Daltec Process Fans

      Defendant.

Case No. CIV-24-101-F

## **COMPLAINT**

For its cause of action against Defendant Daltec Canadian Buffalo Manufacturing Ltd., d/b/a Daltec Process Fans ("Daltec"), Plaintiff Continental Carbon Company ("Continental") alleges and states as follows:

### **PARTIES, JURISDICTION, AND VENUE**

1. Continental is a Delaware corporation whose principal place of business is located in Houston, Texas. As a result, for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a)(2), Continental is a citizen of Delaware and Texas.

2. Daltec is a Canadian corporation whose principal place of business is located in Guelph, Ontario, Canada. As a result, for purposes of diversity jurisdiction, Daltec is a foreign citizen of Canada.

3. Given the complete diversity of the parties and the fact that, as detailed below, the amount in controversy between the parties exceeds $75,000, this Court possesses subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(2).

4.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) given that a substantial part of the events and/or omissions giving rise to Continental's claims and a substantial part of the property that is the subject of this action are situated within this judicial district.

5.     Venue in this Court is also proper pursuant to 28 U.S.C. § 1391(c)(3), which allows a foreign resident such as Daltec to be sued in any judicial district within the United States.

**FACTS**

6.     Continental owns and operates a carbon black power plant located in Ponca City, Oklahoma (the "Plant").

7.     Continental entered into a contract with Daltec to purchase waste gas fans for installation at the Plant.

8.     Pursuant to the parties' agreement, Continental paid Daltec $902,004.00 for the fans.

9.     As part of the parties' agreement, Daltec made express and implied warranties to Continental, including that the goods and work it furnished pursuant to the parties' agreement would "conform to the specifications, drawings, samples, or descriptions furnished by Buyer" and that the fans it furnished to Continental would be "of established commercial operability" and be "free from defects."

10.    These warranties were a basis for the parties' bargain, and Continental relied on them in purchasing the fans from Daltec.

2

11.    Despite repeated attempts, Daltec has failed to deliver working fans that satisfy Continental's specifications as required by the parties' agreement and as warranted by Daltec.

12.    Daltec has further failed to "reimburse [Continental] for any losses, costs, damages, or expenses arising from failure of the materials or articles to meet specifications," as was agreed.

13.    Continental has notified Daltec of these breaches and attempted to work with Daltec to allow it to remedy them, but those efforts have proven unsuccessful.

14.    As a result of Daltec's breaches the parties' agreement and of its express and implied warranties, Continental has suffered damages greater than $75,000, including the diminished value of the goods delivered, the cost of efforts to repair and remediate the defective goods, and other damages, including consequential damages.

### Claim One
#### (Breach of Contract)

15.    Continental incorporates all previous paragraphs of the Complaint herein.

16.    Continental and Daltec are parties to a contract pursuant to which Daltec promised to deliver goods of a certain quality, all the while knowing that if it failed to do so, Continental would suffer consequential damages known to Daltec and/or made express representations about the capabilities of the fans it proposed providing to Continental.

17.    Daltec has breached the parties' contract by failing, after many attempts, to provide the goods promised.

18.    Continental has suffered damages as a result of Daltec's breach of the parties' contract that will be determined at trial, but which exceed $75,000.00.

## Claim Two
### (Breach of Warranty)

19.    Continental incorporates all previous paragraphs of the Complaint herein.

20.    Daltec made a number of express and implied warranties to Continental including, but not limited to, regarding the specific capabilities of the fans Daltec ultimately provided to Continental.

21.    Daltec also provided Continental with warranties of merchantability and fitness for a particular purpose.

22.    Daltec breached these warranties by failing to provide that which it promised and that which it knew Continental needed.

23.    Continental attempted to work with Daltec to allow it to remedy these errors but these efforts have been unsuccessful.

24.    Continental has been harmed by Daltec's various breaches of warranty in an amount to be determined at trial, but which exceeds $75,000.00.

WHEREFORE, Continental, having fully pled its cause of action against Daltec, prays that the Court enter judgment in favor of Continental and against Daltec, award Continental all damages it will prove it has suffered, and award Continental all other relief to which it is entitled including, but not limited to the attorneys' fees and costs it has and will incur in prosecuting this action.

Respectfully submitted,


/s/ Spencer F. Smith
Spencer F Smith, OBA #20430
Alex Duncan, OBA #32382
McAfee & Taft, A Professional Corporation
8th Floor, Two Leadership Square
211 N. Robinson Ave.
Oklahoma City, OK 73102
Phone: (405) 235-9621
Fax: (405) 235-0439
spencer.smith@mcafeetaft.com
alex.duncan@mcafeetaft.com

**Attorneys for Plaintiff**